UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA INDEPENDENT<br>PHARMACIES ASSOCIATION, INC. | CIVIL ACTION |
| VERSUS | NO. 14-598-SDD-RLB |
| CATAMARAN CORPORATION,<br>PRIME THERAPEUTICS, LLC,<br>CAREMARK-PCS HEALTH, LLC, and<br>PERFORMRX, LLC | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 20, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA INDEPENDENT<br>PHARMACIES ASSOCIATION, INC. | CIVIL ACTION |
| VERSUS | NO. 14-598-SDD-RLB |
| CATAMARAN CORPORATION,<br>PRIME THERAPEUTICS, LLC,<br>CAREMARK-PCS HEALTH, LLC, and<br>PERFORMRX, LLC | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 11). The motion is opposed. (R. Doc. 14). Plaintiff has filed a Reply. (R. Doc. 17). Plaintiff submitted additional argument in the context of seeking leave to file a Notice of Supplemental Authority. (R. Doc. 20). Defendants submitted additional argument in opposing Plaintiff's motion for leave to file a Notice of Supplemental Authority. (R. Doc. 22). The sole issue is whether the amount in controversy requirement has been satisfied.

### I.   BACKGROUND

The Louisiana Independent Pharmacies Association ("Plaintiff" or "LIPA"), a member-based organization advocating on behalf of independent pharmacies in Louisiana, originally filed this lawsuit against Catamaran Corporation, Prime Therapeutics, CVS Caremark Pharmacy Services, and PerformRX, LLC (collectively, "Defendants"), which are all pharmacy benefits managers ("PBMs"), in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 2-1 at 1-15). Plaintiff alleges that the Defendants have violated various Louisiana statutes and seeks the following declarations:

1

    A.       Declare that the PBM Defendants are required to pay the $.10 per prescription fee as mandated by LA. R.S. 46:2625;

    B.       Declare that the PBM Defendants are required to segregate and list separately on the remittance advice the $.10 per prescription fee as mandated by LA. R.S. 22:1865;

    C.       Declare that the PBM Defendants are not allowed to conduct audits outside the time period allowed for pharmacies to submit claims mandated by LA. R.S. 2:1856;

    D.       Declare that the PBM Defendants may not recoup or offset payments outside the parameters of LA. R.S. 22:1859 and LA. R.S. 22:1854; and

    E.       Declare that ERISA does not preempt application of these statutes.

(R. Doc. 2-1 at 14-15). Plaintiff does not seek monetary relief on behalf of itself or its members.

On September 18, 2014, Defendants removed this action asserting that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). (R. Doc. 1). Defendants filed an Amended Notice of Removal the same day. (R. Doc. 2). Defendants allege that there is complete diversity as Plaintiff is a citizen of Louisiana and Defendants are citizens of Minnesota, Delaware, Wyoming, North Dakota, Kansas, Illinois, Florida, Alabama, North Carolina, Rhode Island, Michigan, and Pennsylvania. (R. Doc. 2 at 3-7). Defendants also asserts that the amount in controversy requirement is satisfied based upon the estimated amounts it would cost each Defendant individually to prospectively remit to every pharmacy in Louisiana the $.10 per prescription fee; to segregate and list the $.10 per prescription fee on each remittance advice; and to increase the number of its auditors. (R. Doc. 2 at 8-12). Defendants provide with their Notice of Removal "verifications" by representatives of each individual Defendant confirming the calculated costs of compliance based on state-wide compliance with the statutes. (R. Doc. 2-1 at 16-21).

On October 17, 2014, Plaintiff filed the instant Motion to Remand arguing that the amount in controversy requirement has not been satisfied.

## II. ARGUMENTS OF THE PARTIES

Plaintiff argues that in an action seeking declaratory relief, the amount in controversy should be determined from the value of the benefit to the plaintiff as opposed to the defendants' cost of compliance. To this end, Plaintiff argues that the Fifth Circuit requires the court to employ the "plaintiff-viewpoint" rule, which considers the amount in controversy solely from the perspective of the plaintiff, to calculate the value of the instant action. (R. Doc. 11-1 at 4-6). Furthermore, Plaintiff argues that Defendants improperly seek to aggregate the potential claims of independent Louisiana pharmacies to reach the jurisdictional amount. (R. Doc. 11-1 at 7-8). In short, Plaintiff asserts that Defendants have not met their burden of establishing the amount in controversy from the Plaintiff's perspective and, therefore, remand is warranted. (R. Doc. 11-1 at 8-10).

In opposition, Defendants characterize the Petition as seeking a pure declaration of law, which Defendants argue makes its cost of compliance relevant in determining the amount in controversy. (R. Doc. 14 at 1-6). Defendants urge the court to employ the "either-viewpoint" rule, which allows the court to measure the amount in controversy from either the benefit to the plaintiff or the defendants' cost of compliance, to find that the jurisdictional amount is satisfied. (R. Doc. 14 at 3-5). Defendants also assert that they have not aggregated potential claims to reach the jurisdictional amount. (R. Doc. 14 at 6-7). As an alternative form of relief, Defendants request the opportunity to conduct jurisdictional discovery with regard to the amount in controversy in light of Plaintiff's alleged failure to provide a list of its members. (R. Doc. 14 at 8-11).

3

In reply, Plaintiff argues that Defendants ignore controlling Fifth Circuit law providing that the plaintiff-viewpoint rule governs declaratory actions. (R. Doc. 17).

## III. LAW & ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the Petition seeks "nonmonetary relief" or "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). This prohibition on alleging a specific amount of damages, however, "is not applicable to suit on

a conventional obligation, promissory note, open account, or other negotiable instrument . . ." La. Code Civ. P. art. 893(B).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing either (1) "by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).[1] When determining which perspective the amount in controversy is calculated, the Fifth Circuit applies this plaintiff-viewpoint rule, which measures the benefit of the action to the plaintiff. *See Garcia v. Koch Oil Company of Texas Inc.*, 351 F.3d 636, 639-40 and n.4 (5th Cir.

---

[1] The *Leininger* decision further states that "the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger*, 705 F.2d at 729. Defendants rely on this language to support of its position that the Fifth Circuit recognizes the either-party rule. (R. Doc. 14 at 2, 5). In *Leininger*, the plaintiff brought an action in state court to nullify and enjoin his ex-wife from enforcing a $105,000 alimony judgment from another forum. *Id*. Because the "value of the object of the litigation" was the same when measured by either the plaintiff's or defendants' perspective, this decision does not deviate from the plaintiff-viewpoint rule. *See*, *e.g.*, *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n. 1 (5th Cir. 1996) (stating that because value of the defendant's claim in the underlying arbitration was the same from either parties' perspective, valuing the amount in controversy on that amount did not violate plaintiff-viewpoint rule).

2003) (applying plaintiff-viewpoint rule in action for declaratory relief and declining to apply either-viewpoint rule); *Alfonso v. Hillsborough County Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962) (refusing to consider the potential loss to defendants because "[t]he value to the plaintiff of the right to be enforced or protected determines the amount in controversy"); *Vraney v. County of Pinellas*, 250 F.2d 617, 618 (5th Cir. 1958) ("[T]he value of the plaintiff's right sought to be enforced must exceed the jurisdictional amount in order to confer federal jurisdiction."). Courts within the Fifth Circuit have consistently applied the plaintiff-viewpoint rule to actions for equitable relief. *See*, *e.g.*, *L & B Transp., L.L.C. v. Busby*, No. 06-0310, 2006 WL 6116127, at *2 (M.D. La. July 7, 2006); *Sundown Energy, LP v. Haller*, No. 10-4354, 2011 WL 4947778, at *2 (E.D. La. Oct. 18, 2011); *A-Best Sewer & Drain Serv., Inc. v. A Corp*, No. 05-253, 2005 WL 1038419, at *2 (E.D. La. Apr. 22, 2005); *Puckett Machinery Company, Inc. v. United Rentals, Inc.,* 342 F.Supp.2d 610, 614-15 (S.D. Miss. 2004).[2]

Moreover, the Western District of Louisiana has recently considered similar actions brought by an independent pharmacy against PBMs for monetary damages and declaratory relief related to the same $.10 per prescription provider fee and reporting requirements at issue in this action. *See Kirby's Family Inc. v. Prime Therapeutics LLC*, No. 14-2690 (W.D. La. Mar. 5, 2015), *adopting report and recommendation*, (W.D. La. Feb. 9, 2015); *Kirby's Family Inc. v. Catamaran PBM of Illinois, Inc.*, No. 14-2691 (W.D. La. Mar. 5, 2015), *adopting report and recommendation*, (W.D. La. Feb. 9, 2015). In both of these decisions, the court applied the plaintiff-viewpoint rule in light of *Garcia*, concluded that the amount in controversy should not

---

[2] Defendants' reliance on *Griffith v. Enochs*, 43 F. Supp. 352, 355 (W.D. La. 1942), which appears to apply the either-viewpoint rule, is unfounded as it precedes the Fifth Circuit's decisions in *Garcia*, *Alfonso,* and *Vraney*, which clarify that the Fifth Circuit applies the plaintiff-viewpoint rule.

6

be measured by the defendants' cost of compliance with the relevant statutes, and remanded the actions. *Id.*[3]

Despite the foregoing authorities, Defendants advocate the application of the either-viewpoint rule, which would allow the court to consider each Defendants' cost of compliance for the purpose of determining the amount in controversy. In support of this position, Defendants argue that the Fifth Circuit has signaled the acceptance of the either-viewpoint rule in the decision *Duderwicz v. Sweetwater Savings Association*, 595 F.2d 1008 (5th Cir. 1979). The Fifth Circuit rejected this argument over ten years ago. *See Garcia*, 351 F.3d 640 and n.4; *see also Ericsson GE Mobile Comm. Inc v. Motorola Comm. & Elecs., Inc.*, 120 F.3d 216, 220 (11th Cir. 1997) (holding that *Duderwicz* did not result in an abandonment of the plaintiff-viewpoint rule in the Fifth Circuit). Accordingly, Defendants' reliance on *Duderwicz* as support for application of the either-viewpoint rule is unfounded.[4]

---

[3] Defendants attempt to distinguish these decisions on the basis that "the court found that neither defendant provided sufficient evidence that the amounts the plaintiffs stood to gain if successful in their respective lawsuits exceeded the jurisdictional amount." (R. Doc. 22 at 3). Defendants argue that the "verifications" provided in this action supply evidence regarding how much Plaintiff's members stand to gain should declaratory relief be granted. (R. Doc. 22 at 3-4). Defendants ignore, however, that Plaintiff is not a pharmacy and is not seeking reimbursement of payments on behalf of its members, which would have to individually (or collectively) seek recovery of the amounts outlined in Defendants' "verifications." (R. Doc. 11-1 at 7). Whether Plaintiff's action raises an issue of standing under Louisiana law is an issue to be decided by the state court on remand. *See infra*, footnote 8.

[4] Defendants also reference two decisions by the U.S. Supreme Court. Defendants argue that *Smith v. Adam*, 130 U.S. 167 (1889), supports the application of the either-viewpoint rule, but Defendants falls short of arguing that the *Smith* decision mandates application of the either-viewpoint rule. (R. Doc. 14 at 2). In *Smith*, the Court stated that "[i]t is conceded that the pecuniary value of the matter in dispute may be determined, not only by the money judgment prayed, where such is the case, but in some cases by the increased or diminished value of the property directly affected by the relief prayed, or by the pecuniary result to one of the parties immediately from the judgment." *Smith*, 130 U.S. at 175. Prior to the *Garcia* decision, this court stated that the either-viewpoint rule was supported (though not compelled) by the *Smith* decision. *See State of La., ex rel. Guste v. Fedders Corp.*, 539 F. Supp. 582, 584 (M.D. La. 1982). As the primary decisions in the Fifth Circuit announcing the plaintiff-viewpoint rule—*Garcia*, *Alfonso*, and *Vraney*—were decided well after the *Smith* decision, the court will apply controlling Fifth Circuit law requiring the application of the plaintiff-viewpoint rule. Defendants also argue that *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977), stands for the proposition that compliance costs

7

Defendants further argue that this court has adopted the either-viewpoint rule in at least two decisions—*Diez Oil Co. v. Mobil Oil Corp.*, No. 08-316, 2009 WL 411572 (M.D. La. Feb. 17, 2009) and *Hale v. Billups of Gonzales, Inc.*, 610 F. Supp. 162 (M.D. La. 1985). (R. Doc. 1 at 8-9; R. Doc. 14 at 2, 4-5). Defendants' reliance on those decisions is misplaced. In *Diez Oil*, the plaintiff sought a declaration that the defendant should bear the expense of complying with an order to close certain underground storage tanks. The court concluded that the "value of the declaratory relief sought by the plaintiff" was equal to the "payment of the cost of compliance" by the defendant. *Id*. at *2. The *Diez Oil* decision merely highlights that the amount in controversy in an action for equitable relief may well be the same when measured by either the plaintiff's or the defendants' perspective.[5]

Similarly, Defendants wrongly argue that the *Hale* decision stands for the proposition that "this court has held that when determining the value of the right to be protected in a suit for declaratory relief, the court must consider more than the damages available to the plaintiffs." (R. Doc. 14 at 2). The *Hale* decision only mentions a "plaintiff viewpoint rule" in the context of the plaintiffs' argument that the plaintiff's failure to allege an amount that meets the jurisdictional requirement in its initial pleading should control whether the jurisdictional amount is satisfied upon removal. *See Hale*, 610 F. Supp. at 162 n. 6 (citing *St. Paul Mercury Indemnity Co. v. Red. Cab. Co.*, 303 U.S. 283 (1938)). The *Hale* decision concluded that this rule does not apply

---

are properly considered when determining the amount in controversy. (R. Doc. 14 at 3). The plaintiffs in *Hunt* sought a declaration that a state statute was unconstitutional and the Court looked to the *plaintiffs'* cost of compliance with the statute to determine whether the amount in controversy requirement was satisfied. *See Hunt*, 432 U.S. at 347-48. Accordingly, the Court considered compliance costs from the plaintiff's perspective, which is consistent with the plaintiff-viewpoint rule.

[5] *See supra*, footnote 1.

8

where the plaintiff seeks nonmonetary relief.[6] The court then looked to the "value of the right to be protected," as is appropriate in declaratory judgment actions, concluding that in the lease dispute before it, the aggregate amount of rent due was the correct measure of damages. As this measure of damages was the same for both the plaintiff and defendant, this decision does not violate the plaintiff-viewpoint rule discussed in *Garcia*, *Alfonso*, and *Vraney*.[7]

Defendants ask this court to distinguish *Garcia* on the ground that this action deals only "with a pure declaration of law." (R. Doc. 14 at 5). Defendants are correct that Plaintiff is not seeking any monetary damages in recovery on behalf of itself or its members. Defendants provide no governing precedent, however, requiring the court to apply the either-viewpoint rule where, should declaratory relief be granted, the Defendants' costs of compliance may be disproportionately large compared to the benefits to the Plaintiff. In actions where the plaintiff seeks purely equitable relief, the Fifth Circuit requires the court to look to the value of the object of the litigation from the perspective of the plaintiff.

For example, in *Vraney*, the plaintiff sought an injunctive relief preventing a county from, among other things, issuing certain water bonds pursuant to a state statute the plaintiff claimed was unconstitutional. *Vraney*, 250 F.2d at 618. Although the petition alleged that the county had issued bonds pursuant to the statute exceeding the jurisdictional amount, the Fifth Circuit concluded the jurisdictional amount was not satisfied because there was "no averment showing or tending to show the value to the plaintiff of the object or right sought to be enforced"

---

[6] This rule is now codified in the removal statute. *See* 28 U.S.C. § 1446)(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--(A) the notice of removal may assert the amount in controversy if the initial pleading seeks--(i) nonmonetary relief; or (ii) a monetary judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.").

[7] *See supra*, footnote 1.

9

exceeded the jurisdictional amount. *Id.*; *see also Sims v. AT & T Corp.*, No. 04-cv-1972, 2004 WL 2964983, at *3 (N.D. Tex. Dec. 22, 2004) (in class action seeking, in addition to damages, declaratory and injunctive relief that defendant must make appropriate adjustments where it overbilled thousands of class members, the court did not have jurisdiction because the sole named plaintiff alleged he was only overbilled approximately $40 and the jurisdictional amount was not "satisfied based on the pecuniary consequence" to the defendant); *Lamothe-Berry v. BellSouth Corp.*, No. 98-3299, 1998 WL 915860, at *2 (E.D. La. Dec. 30, 1998) (in class action seeking, in addition to damages, declaratory and injunctive relief that defendant must not inadvertently activate a three-way calling service, the jurisdictional amount was not satisfied when the court looked to the "value of the injunctive relief to plaintiff").

Defendants tangentially argue that Plaintiff does not have standing to bring this action and "reserve their rights" to challenge Plaintiff's standing by way of separate motion. (R. Doc. 14 at 8 and n. 9). Defendants appear to be challenging Plaintiff's standing on state law grounds, but may also be challenging standing on Article III grounds as well.[8] Regardless, Plaintiff has Article III standing to challenge the removal of its action to federal court, as its "injury is clear,

---

[8] "[T]he issue of standing is one of subject matter jurisdiction." *Cobb v. Central States,* 461 F.3d 632, 635 (5th Cir. 2006). Federal courts have Article III standing where "(1) [the plaintiff] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). According to the Fifth Circuit, "standing in federal court is determined entirely by Article III and depends in no degree on whether standing exists under state law," even in "cases which arrive in federal court by means of removal. *See Int'l Primate Prot. League v. Administrators of the Tulane Educ. Fund*, 895 F.2d 1056, 1061 (5th Cir. 1990) *rev'd on other grounds*, 500 U.S. 72 (1991) (citations omitted); *but see Bray v. Cadle Co.*, No. 09-663, 2010 WL 4053794, at *8 (S.D. Tex. Oct. 14, 2010) ("If the Article III standing requirements are met, whether a party has standing to bring a cause of action under a state statute is governed by state law.") (citations omitted). Where a federal court lacks Article III standing in an action removed pursuant to 28 U.S.C. § 1441, such as this action, "the remedy is remand, not dismissal." *Rice ex rel. CIR v. Cornerstone Hosp. of W. Monroe*, No. 13-0362, 2013 WL 3557913, at *2 (W.D. La. July 11, 2013); *McAfee, Inc. v. Wilmer, Cutler, Pickering, Hale & Dorr, L.L.P.,* 2008 WL 3852704 (E.D. Tex. Aug. 14, 2008) (citations omitted).

for [it has] lost the right to sue in Louisiana court—the forum of [its] choice." *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 77 (1991) (plaintiff had standing to challenge removal pursuant to the federal officer removal statute even though Fifth Circuit determined that plaintiff lacked Article III standing to assert its claims in removed action). The court takes no position on the issue of standing as it relates to Plaintiff's underlying claim because, as provided below, remand is warranted based on lack of subject matter jurisdiction pursuant to the diversity statute.

Having determined that the plaintiff-viewpoint rule applies and Plaintiff has standing to challenge removal, the court now turns to determining the "value of the object of the litigation." The amount in controversy is not facially apparent. Plaintiff seeks declaratory relief. Plaintiff does not seek any monetary recovery on behalf of itself or its member pharmacies. Plaintiff does not request injunctive relief. The Petition provides insufficient context for calculating any benefit that might be recovered by Plaintiff in light of the declaratory relief sought—various pronouncements regarding five state statutes.[9] As Plaintiff is not an independent pharmacy situated to benefit from reimbursement of the $.10 per prescription fee, it is unclear what economic benefit (or detriment) may befall Plaintiff should the court grant the relief requested. The court must therefore determine whether Defendants have submitted sufficient facts in controversy to establish that the jurisdictional amount is met from the Plaintiff's perspective.

Defendants have not met their burden. In its Notice of Removal, Defendants alleged the amount in controversy by calculating the individual Defendants' costs of compliance. Defendants set forth no facts in controversy suggesting that the Plaintiff would recover any benefit, should the declaratory relief it seeks be granted, that would exceed the amount in

---

[9] The court notes that the declaratory judgment statute, 28 U.S.C. § 2201, "does not authorize a federal court to render an advisory opinion." *See Nichols v. Vance*, 293 F. Supp. 680, 682 (S.D. Tex. 1968) (*citing Ashwander v. Tennessee Valley Authority*, 297 U.S. 288 (1936)).

11

controversy requirement. Based on the record, Defendants have failed to establish that the amount in controversy exceeds the jurisdictional requirement.

## IV. CONCLUSION

Based on the foregoing, Defendants have not met their burden of proving by a preponderance of the evidence that the jurisdictional requirement has been satisfied.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 11) should be **GRANTED** and the action should be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on March 20, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**